# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-788V
Filed: August 1, 2024

| | |
|---|---|
| * * * * * * * * * * * * * * * | * |
| PATTY BOON, *Trustee for the heirs of* | * |
| CHARLEY BOON, | * |
| | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| | * |
| Respondent. | |
| * * * * * * * * * * * * * * * * | * |

*Randall Knutson, Esq.*, Knutson & Casey Law Firm, Mankato, MN, for petitioner.
*Tyler King, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 29, 2019, Charley Boon[2] filed a petition for compensation under the National Vaccine Injury Compensation Program[3] alleging that he developed Guillain-Barré Syndrome ("GBS") as a result of the influenza ("flu") vaccine he received on September 27, 2016. Petition, ECF No. 1. Petitioner now seeks an award of interim attorneys' fees and costs.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] On December 27, 2019, petitioner filed a status report advising that Mr. Boon passed away. ECF No. 19. A Motion to Substitute was filed on August 19, 2020, and Mr. Boon's wife Patty Boon continued with the matter as his trustee. ECF No. 27.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Procedural History

The petition was filed on May 29, 2019, and the matter was assigned to the undersigned the following day. ECF Nos. 1, 4. Petitioner filed medical records, an expert report from Dr. James Dahlgren, and a statement of completion on June 14, 2019. Petitioner's Exhibit ("Pet. Ex.") 1-27, ECF Nos. 7-10.

Petitioner filed additional medical records and the literature associated with Dr. Dahlgren's report on December 9, 2019 and December 26, 2019. Pet. Ex. 28-48, ECF Nos. 15-17. On December 27, 2019, petitioner's counsel filed a status report advising that Mr. Boon had passed away and requesting time to have his wife appointed as trustee in order to continue pursuing the claim. ECF No. 19. His death certificate was also filed. ECF No. 18.

Petitioner filed a Motion to substitute and documentation supporting the appointment of petitioner's wife Patty Boon as his trustee. The motion was granted. Pet. Ex. 50, ECF Nos. 26-28.

Petitioner filed additional medical records and a statement of completion on October 1, 2020. Pet. Ex. 51-54, ECF Nos. 29-30. On January 25, 2021, respondent filed his Rule 4(c) Report, recommending against compensation in this matter and noting that while the injury alleged in the petition is GBS, Mr. Boon was ultimately diagnosed with and treated for CIDP. ECF No. 32 at 19-20. Petitioner was ordered to file a supplemental report from Dr. Dahlgren that addressed all the issues raised in the Rule 4(c) Report, including Mr. Boon's diagnosis. ECF No. 33.

Petitioner filed a supplemental report from Dr. Dahlgren on April 27, 2021, and corresponding medical literature on June 11, 2021. Pet. Ex. 55-63, ECF Nos. 34-35. Thereafter, respondent filed an expert report and medical literature from Dr. Jamieson. Respondent's Exhibit ("Resp. Ex.") A-B, ECF Nos. 36-39.

On August 2, 2021, petitioner filed a third report from Dr. Dahlgren, Pet. Ex. 64, ECF No. 40. On December 15, 2021, respondent filed responsive reports from Dr. Jamieson and Dr. He. Resp. Ex. C-E, ECF Nos. 46-47. Petitioner filed a fourth report from Dr. Dahlgren with additional literature on March 4, 2022. Pet. Ex. 65-72, ECF No. 49.

A status conference was held on April 27, 2022, during which the matter as a whole and the opinions of the experts were reviewed in detail. Specifically, the deficiencies of Dr. Dahlgren's reports were highlighted, and the undersigned noted that, based on the record as it stood at that time, the matter should be dismissed. Petitioner was ordered to file a status report advising how she intended to proceed. ECF No. 50.

On June 7, 2022, petitioner filed a document titled "Motion for Ruling on the Record," which contained little more than that she had submitted all the evidence she intended and requested a ruling on the record. ECF No. 52. Petitioner was subsequently ordered to file a more detailed submission that included petitioner's argument in the matter with citations to the record in support of the motion. ECF No. 53. Petitioner filed a memorandum to the Motion for Ruling on the Record on August 11, 2022. ECF No. 54. Respondent filed a response on October 26, 2022, and petitioner

filed a status report on November 11, 2022, stating that she did not intend to file a reply. ECF Nos. 57-58.

On April 12, 2024, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF No. 59. Petitioner requests a total of **$81,747.14,** representing $58,099.25 in attorneys' fees and $23,647.89 in costs. Motion for Interim Fees at 1. Respondent filed a response on April 24, 2024, deferring to the undersigned to determine whether the statutory requirements and legal standard for an award of interim attorneys' fees and costs were met. Response, ECF No. 60. Petitioner did not file a reply.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III. Discussion

### A.      Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe

of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at \*5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for over five years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at \*1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at \*3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Petitioner has expended significant time and costs in litigating this matter thus far, and while the parties have submitted their briefs for a ruling on the record, there is still some time before the ruling will be completed. In sum, the circumstances of this case warrant an award of interim fees and costs so as not to impose economic hardship on petitioner.

## B.  Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioner requests a rate of $365 per hour for her counsel, Mr. Randall Knutson, for all work performed. This rate is consistent with what counsel has been awarded previously, and the undersigned finds them reasonable herein. *See Jacobs v. Sec'y of Health & Human Servs.*, No. 19-

---

[4] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

761V, 2023 WL 3059262 (Fed. Cl. Spec. Mstr. Apr. 24, 2023). Accordingly, the hourly rates as awarded as requested.

## C.      Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that, generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is awarded interim attorneys' fees of **$58,099.25.**

## D.      Reasonable Costs

Petitioner requests a total of $23,647.89 in costs. Motion for Interim Fees at 1. The requested costs consist of securing medical records, the Court's filing fee, and costs associated with petitioner's expert, Dr. James Dahlgren.[5] Motion for Interim Fees, Ex. 2 at 30-33. These are typical costs in the Vaccine Program, petitioner has provided adequate documentation to support these costs, and they appear reasonable in the undersigned's experience. Accordingly, petitioner is awarded **$23,647.89** in costs.

---

[5] Dr. Dahlgren has previously been awarded the rate requested herein by both the undersigned and other special masters. *See Hodgdon v. Sec'y of Health & Hum. Servs.*, No. 18-533V, 2020 WL 5407923 (Fed. Cl. Aug. 25, 2020); *Kennedy v. Sec'y of Health & Hum. Servs.*, No. 17-978V, 2020 WL 619693 (Fed. Cl. Jan. 27, 2020).

### IV. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED.** Accordingly, I award a total of **$81,747.14,** representing $58,099.25 in attorneys' fees and $23,647.89 in costs, in the form of a check payable jointly to **petitioner and petitioner's counsel, Randall Knutson, Esq.** The clerk shall enter judgment accordingly.[6]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.